### ABELE v. FALK.

(Supreme Court, Appellate Division, First Department. April 7, 1898.)

1. CONTRACT—TIME OF ESSENCE—PERFORMANCE.
   The plaintiff agreed to build a machine for defendant as quickly as possible, and do his utmost to hurry it along. The plaintiff had been fully informed that the machine was needed for work to be done under a contract defendant had at the time, and that, to be of use, it must be made at once. It was also understood that it could be completed, at the longest, within not more than eight weeks. In fact, it was not built for six months. At the trial of an action to recover on the contract, the court refused to allow defendant to prove that, after the making of the contract, plaintiff had received and filled orders for work for other parties, involving interference with the prompt execution of the contract in suit. *Held* error.

2. BOOKS AS EVIDENCE.
   Books were admitted in evidence, under defendant's objection, the entries in which, purporting to show the time spent on the machine by plaintiff's employés, were either not verified by the person who made them, nor supported by testimony of any one with personal knowledge of the facts, or

were made from memoranda not produced, and the employés who did the work were not named. *Held*, that they were incompetent, as against the defendant, to show that such unnamed individuals devoted any particular time to the completion of the contract.

Appeal from trial term, New York county.

Action by Christian Abele against Benjamin J. Falk. From a judgment entered on a verdict of the jury, and from an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Samson Lachman, for appellant.

J. Woolsey Shepard, for respondent.

INGRAHAM, J. There was considerable evidence in this case, admitted against the objection and exception of the defendant, which seems to us to have been inadmissible, and the admission of which requires a reversal of the judgment. A determination of the questions as to the right of the plaintiff to recover under his contract, and as to whether or not the plaintiff proved that he built the machine as quickly as possible, and did his utmost to hurry it along and build a successful machine, is not required on this appeal, as the facts upon a new trial, when only competent and proper evidence has been admitted, may present an entirely different question for determination; and it will be sufficient, in disposing of this appeal, to call attention to various rulings upon exceptions to evidence which we think were erroneous. The court charged, at the request of the defendant, that:

"While the plaintiff cannot be required to drop other work which he had on hand at the time, still, if he accepted new orders, and neglected the present order in filling the new ones, he cannot recover."

But upon the trial the court again and again refused to allow the defendant to prove what new orders the plaintiff received after the making of the contract in question. The defendant asked the plaintiff, upon cross-examination:

"Q. I will ask you, Mr. Abele, to examine your book showing the work done, and state what other orders you had during the month of July, 1893."

This was objected to by counsel for the plaintiff, the objection sustained, and an exception taken. Other questions were asked as to each of the succeeding months, from July, 1893, to January, 1894, to which objections were also made, and exceptions taken. The witness was also asked to state what work was done under contracts made after the contract with the defendant, which was also excluded. Subsequently the court allowed some evidence to be given as to contracts in existence at the time that the contract with the defendant was made, but the court again excluded all evidence of new contracts after the contract between the plaintiff and defendant was made, and what work was done by the plaintiff under such new contracts. We think the exclusion of this testimony was clearly erroneous. Prior to the time of making the contract with the defendant the plaintiff or his agent had been distinctly informed that this machine was needed by the defendant for work to be done under a contract that he had

at that time, and that the machine, to be of use to him, had to be made at once. The evidence shows that the defendant again and again insisted upon the necessity of having the machine completed within a short time, and it was in view of this necessity of the defendant that, while the plaintiff said it would be impossible for him to state just how long it would take him to make the machine, as a part of his contract to make it he agreed that he would build the machine as quickly as possible, and do his utmost to hurry it along. This agreement required greater dispatch by the plaintiff in the performance of his contract than the reasonable time which is allowed to a contractor to complete a contract where nothing is said as to the time within which it shall be completed; and it would clearly be a violation by the plaintiff of his contract with the defendant, if, after the making of this contract, he should accept other work, and devote his attention to it, so that the performance of his contract with the defendant should be postponed until such other new contract had been completed. The defendant, I think, was entitled to show what other work the plaintiff had undertaken after the contract between the parties to this action, and that the completion of such other work had interfered with the prompt execution of his contract with the defendant. The whole testimony shows that this contract was based upon this agreement with the plaintiff to do the work as rapidly as possible, and not as rapidly as the convenience of the performance of such other contracts as the defendant might make required. The defendant was entitled to have the plaintiff do all that he could to complete this machine promptly, and, if the plaintiff failed in the performance of that obligation, he did not perform his contract, and would not be entitled to recover. While no special time was fixed within which this machine was to be completed, it was clearly understood between the parties that the time that would be required would be but a few weeks. The plaintiff's representative with whom the contract seems to have been made, and who was called by the plaintiff his inventor, first stated to the defendant that the contract would take from three to four weeks, and subsequently stated that some further time would be required, but at no time was it stated as more than eight weeks. On August 23d, about one month after the contract was made, the plaintiff's representative wrote to the defendant that he could not tell within one day when he expected to deliver the machine, "but it may take yet about ten days"; having on July 29th, eight days after the contract was. made, stated to the defendant that by the following Monday morning the plan for the machine would be completed in all its details, so far as necessary for building the machine. That the order given by the defendant was based entirely upon these representations by the plaintiff or his representative is clear, and that no order would have been given had it been intimated by the plaintiff that it would take six months to complete the machine. Under these circumstances, it was necessary for the plaintiff to account in some way for this great delay, so largely exceeding the time the plaintiff stated as the time it would take to complete the machine; and it was certainly competent for the defendant to prove that this delay had not been occasioned by the difficulties of designing and building this ma-

chine, but had been occasioned by the fact of the plaintiff's accepting orders for other work, and by his devotion to such other work, to the exclusion of the work under his contract with the defendant, in which he had promised that he would build the machine as soon as possible, and do his utmost to hurry it along. We think, also, that the plaintiff's books, admitted by the court as evidence of the amount of time spent and materials furnished, were incompetent. None of these books were properly proved. Those that were produced as time-books of the plaintiff's employés to show the time that such employés spent upon this particular machine were not proved by the persons who made the entries. None of the workmen were called who worked on the machine, and no one testified to their accuracy who appeared to have had personal knowledge of the amount of time that was spent upon the machine. Other books were produced, being the books kept by the doorkeeper, who testified that he made the entries in these books from other books and memoranda handed to him by the defendant's employés, which were not produced. These books were not books of original entry, and the only evidence of their accuracy was the evidence of the bookkeeper who made the entries, and who testified that they were correct entries. The accuracy of these books and memoranda was not satisfactorily established. These books thus kept by the plaintiff were introduced as evidence against the defendant to show the time that unnamed workmen had devoted to these machines. They were merely the unverified statements of the plaintiff's employés, the accuracy of which was not proved; and such statements were clearly incompetent evidence, as against this defendant, to prove that such unnamed individuals devoted any particular time to the completion of this contract between the plaintiff and the defendant. A bill made out by the plaintiff against the defendant in the name of a corporation of which the defendant was president was also offered in evidence, and admitted, against the objection and exception of the defendant. This bill was clearly inadmissible. It purported to have been made out generally from the plaintiff's books, and its accuracy was entirely unproved by any competent evidence.

There were other rulings upon testimony which we think were erroneous, but as the evidence which we think was erroneously admitted, as above indicated, was a substantial part of the proof offered by the plaintiff to prove his cause of action, it is sufficient for us to say that these rulings above referred to require a reversal of the judgment.

The judgment appealed from is therefore reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.